JAMES E. GUY et al., Appellants, v. GORDON MAYES et al.

Division Two, June 20, 1911.

1. **WILL: Life Estate: To Trustees.** One clause of the will said, "I give and bequeath to my son John W. Guy, to be placed in the hands of trustees," named, one hundred acres of land. A subsequent clause read: "I desire that all the rest of my estate, both real and personal, be sold and equally divided between my wife and children," one of whom was John; and, "I desire that whatever may be coming to my son, John W. Guy, shall be placed in the hands of his trustees for his benefit and support." *Held*, that the will did not vest a life estate in John in the "rest" or remainder of the estate, but was a devise of the residue to the widow and all the children of the same character of title.

2. ————: **Devise to Trustee: Purchase by Trustee: How Attacked.** A purchase from the beneficiary by the trustee of land devised to the beneficiary to be "placed in the hands of his trustees for his benefit and support" is not void, but only voidable at the instance of the injured party or someone standing in his shoes, by a direct attack. It is very doubtful whether in an ordinary action at law for the partition of real estate such a deed can be assailed.

3. ————: ————: ————: **Spendthrift: No Showing of Inequity.** Where the devisee, whose devise by the will was "placed in the hands of his trustees for his benefit and support," was a spendthrift and required the care of both physicians and nurses because of his excessive use of intoxicating liquors, and after he had taken the "whiskey cure" there seemed to be a fair prospect that by giving him something to do he might be changed into a useful citizen, and thereupon the trustees bought his interest in the land at a price admitted to be all it was worth, and used a part of the money to set him up in a suitable

business, and the balance for his support till he died, and no denial of any of these things is made or shown, it would be inequitable to set the deed aside, even if it were directly attacked by a bill in equity.

4. **PARTITION: Awarding Claim Not Demanded.** In a partition suit the court cannot award to defendants a claim against the estate which they do not by their answer directly or indirectly claim, even though the proof shows it to be just and due. So that where the will devised to the widow and four children 590 acres of land to be equally divided among them "after giving" to one of them $900, and the defendants, who are the heirs of that one, file only a general denial to plaintiffs' petition in partition, they cannot be allowed the $900.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED (*as modified*).

*Pearson & Pearson* for appellants.

Under the will in this case it was clearly the intention of the testator, Jno. R. Guy, to convey his property to trustees, Wm. Mac. Guy and S. F. Mayes, to be held by them for the use and benefit of his son, John W. Guy, during his life time; the remainder upon his death to go back to his estate and be divided equally among John R. Guy's heirs. He was only willed an equitable life estate. Munroe v. Collins, 95 Mo. 33. Simmons v. Cabanne, 177 Mo. 336; Cross v. Hotch, 149 Mo. 329; Small v. Field, 102 Mo. 105; Louis v. Pittman, 101 Mo. 292; Partridge v. Cavendar, 96 Mo. 452; Reinders v. Koppelman, 94 Mo. 343. In placing it in the hands of trustees the legal title was placed beyond the right and power of John W. Guy to convey by deed. The deed made by him to S. F. Mayes conveyed nothing. At his death his undivided one-fifth interest in the property described in the petition went to the heirs of John R. Guy; and the trial court should have so held, and ordered his in-

terest distributed accordingly. (2) The nine hundred dollar legacy in the seventh clause of John R. Guy's will, was not an issue in this cause; was not set up or claimed as an incumbrance against the property by the defendants in their answers, and was not contended for in the agreed statement of facts. The court committed error in attempting to find that it had not been paid, and making it a charge against the property sought to be partitioned.

*Frank J. Duvall* and *J. D. Hostetter* for respondents.

The authorities cited by appellants' counsel have no applicability to the case at bar. There is nothing in either clause 7 or 8 of the will of John R. Guy, either when read separately or together, which evinces an intention on the part of the testator to devise to John W. Guy a life estate only. The mere fact that the testator provided as he did in the eighth clause of his will, that "whatever may be coming to my son John W. Guy, shall be placed in the hands of his trustee for his benefit and support," does not create a life estate in John W. Guy either of the thing devised, or of its proceeds, when sold. Jones v. Jones, 123 S. W. 29. John W. Guy under the seventh clause of his father's will took the same quantity of estate and interest in the "rest of my estate, both real and personal," as the testator puts it, as any one of the testator's other children. (2) In regard to the $900 which the testator required should be paid to Susanna Mayes, that was simply a question of fact. The agreed statement of facts nowhere conceded that said sum had been paid to her by her father. The court, after hearing evidence on that issue, after the case had been reopened, by agreement of all parties for that purpose, decided that said sum had never been paid to the testator's daughter, by him, nor had it ever

been paid to her heirs at law out of the personal estate of said testator by his executors during the process of its administration. So that this sum was merely a charge on the land involved in this suit in favor of the heirs of this daughter to the extent of the unpaid $900 before the other devisees could participate in the division of the proceeds. It is the duty of the court in partition proceedings to adjust all the equities between the parties, and settle all adverse claims. And if from the evidence it should appear that there is an outstanding claim or an incumbrance, it is the duty of the court to refuse partition until all parties in interest are brought into court and all liens and incumbrances provided for in the decree.

BROWN, J.—Action for partition of real estate. This appeal is taken from a decree awarding to defendants a larger interest in the property than plaintiffs' petition concedes them to have.

The issues tendered, or attempted to be tendered, in this case, turn upon the construction of the will of one John R. Guy, which is as follows:

"First. I desire all my just debts fully paid.

"Second. I give and bequeath to my beloved wife, Elizabeth S. Guy, the home place where we now live near Paynesville, Mo., containing one acre of land with all and singular thereto pertaining which I value at two thousand dollars, charged in my book.

"Third. I give my son, Wm. Mac. Guy, one hundred acres of land, as per deed given to him, valued at $2000, charged in my book.

"Fourth. I give my son, James E. Guy, one hundred acres of land as per deed given to him, which I value at $2000, charged in my book.

"Fifth. I give and bequeath to my son, John W. Guy, to be placed in the hands of trustees, viz.: Wm. Mc. Guy and Stephen Mayes, one hundred acres of land, just south of Guinn's creek, and west of Nimrod

Guy's land, and east of James E. Guy's land and to run south far enough to make one hundred acres of land, which I value at $2000. And I desire that he shall have a piece of land south of the above described land, say 30 or 40 acres, at what it may be worth, at the distribution of my estate, all placed in the hands of his trustees. If he and his child or children should die before the children arrive of age, then his part to go back to my estate.

"Sixth. I have given my daughter, Susanna Mayes, this amount, $1100, for which I have charged her.

"Seventh. I desire that all the rest of my estate both real and personal shall be sold and equally divided between my wife and children, after giving Susanna Mayes $900, if I shall not pay her that sum before I die.

"Eighth. I desire that whatever may be coming to my son, John W. Guy, shall be paced in the hands of his trustees for his benefit and support.

"Ninth. I hereby appoint my two sons, viz : Wm. Mc. Guy and James E. Guy and my son-in-law, Stephen Mayes, executors of this, my last will and testament.'"

James R. Guy, the testator, died in 1892; his widow, Elizabeth Guy, died in 1901; and John W. Guy, one of his three sons, died intestate and without issue about the year 1903. The daughter, Susanna Guy Mayes, also died intestate, leaving seven children, to-wit: Gordon Mayes, Arch Mayes, G. H. Mayes, Birdie M. Fry (intermarried with Joseph C. Fry), Estelle Cox (intermarried with Bert Cox), Clifton Mills (intermarried with Clarence Mills), and Sue Guy Mayes, a minor.

These children of Susanna Mayes, with A. J. Forgey, trustee of Mrs. Fry, and Stephen Mayes, curator of Sue Guy Mayes, are the defendants in this action; while James E. Guy and William Mack Guy,

the two surviving sons of the testator, are the plaintiffs.

This action mainly involves the construction of the seventh, or residuary clause of the aforesaid will, whereby the testator, John R. Guy, devised about 590 acres of land in Pike and Lincoln counties to his widow, daughter, and three sons in equal shares. The property devised by the other clauses of this will is not in dispute in this action.

John W. Guy, deceased (one of the testator's sons), was a drunkard and spendthrift; and for this reason, testator made William Mack Guy, his brother, and Stephen Mayes, his brother-in-law, trustees of the property devised to him, as recited in the will. William Mack Guy refused to act as trustee for his spendthrift brother; and while his brother-in-law, Stephen Mayes, did not give bond as trustee, he seems to have supervised the property of John W. Guy, and also to have looked after his many personal needs, until his death. John W. Guy, the spendthrift, was sent to Dwight, where he took the ''whiskey cure;'' and after that, remained sober for three years, and as he desired to go into business, his trustee, Mayes, in order to furnish him money to go into the butcher business, purchased his interest in the 590 acres in controversy, at the price of $1250. The trustee, Mayes, used $700 of the purchase money in setting up said John W. Guy in the butcher business; and the remainder of said purchase money in the care and support of said spendthrift during the remainder of his life. The interest in the said 590 acres which was thus purchased of John W. Guy, was conveyed by Stephen Mayes to Elizabeth Guy, the mother of the plaintiffs; and by her devised to Birdie M. Fry, her grand-daughter (one of the defendants in this cause.)

Plaintiffs contend that the conveyance from John W. Guy to Stephen Mayes, his trustee, is absolutely void, by reason of the fiduciary relations of said

trustee to said John W. Guy at the time said deed was made. Plaintiffs also insist that the will of their ancestor only vested in John W. Guy a life estate in the 590 acres in controversy; and that upon the death of said spendthrift, his interest in the land in controversy descended to the plaintiffs, his brothers, and to his nephews and nieces, defendants herein.

In their petition, plaintiffs do not attack the validity of the deed from John W. Guy to Stephen Mayes; in fact, said petition contains no specific mention of that deed or of the interest once held by John W. Guy. However, in a general allegation, plaintiffs claim that they and the children of their deceased sister, Susanna Mayes, own all the title of which John R. Guy, the testator, died seized.

Prior to this suit, all the heirs of Susanna Guy Mayes had conveyed to plaintiff, James E. Guy, all the interest which they acquired to the property in controversy, as the heirs of their mother; and by their answer, none of said defendants except Birdie M. Fry claim any interest in the real estate in controversy. Mrs. Fry claims the interest which passed by the will of testator, John R. Guy, to her grandmother, Elizabeth Guy, and to her uncle, John W. Guy; and the trial court adjudged her to be the owner of said last-named interests.

The trial court also adjudged that the defendants, as heirs of Susanna Mayes, were entitled to a lien on the real estate in controversy for the $900 mentioned in the aforesaid seventh clause of the will of John R. Guy, although said defendants do not in their answer set up any claim to said $900. In fact, the answer of all the defendants except Birdie M. Fry, is a general denial.

The plaintiffs assign error in the action of the trial court in awarding defendants a lien for the $900, claiming that the evidence shows that this $900 was paid to Mrs. Mayes, their mother, by her father dur-

ing his lifetime; and also asserting that the court could not award such a lien to the defendants when they did not ask for it in their answer.

Plaintiffs also claim that the court erred in awarding to defendant, Birdie M. Fry, the interest devised to her spendthrift uncle, John W. Guy, and which the court found passed through the deed of said spendthrift to his trustee, Stephen Mayes.

Such additional points in the evidence and pleadings as will be necessary to a full understanding of the case will be noted in our opinion.

### OPINION.

We cannot agree with the plaintiffs' contention that the will of John R. Guy only vested a life estate in his spendthrift son, John W. Guy, in the 590 acres which passed by the seventh clause of said will. The plain, unequivocal import of said seventh clause of the will is that the testator devised the remainder of his estate to his wife and his four children in equal shares, and vested the same character of title in each of them.

We have examined the cases of Munro v. Collins, 95 Mo. 33; Simmons v. Cabanne, 177 Mo. 336, and other cases cited by plaintiffs; but they do not sustain the contention that the seventh clause of said will passed only a life estate to John W. Guy. Such a construction as plaintiffs contend for, might, under certain contingencies, be placed upon the fifth clause of testator's will; but the land devised by the fifth clause of said will is not in controversy in this action.

The fact that the seventh clause of John R. Guy's will directs that the land therein devised shall be sold, supplemented by the eighth clause, which says, ''I desire that whatever may be coming to my son, John W. Guy, shall be placed in the hands of his trustees for his benefit and support,'' makes it too clear to admit of doubt that said testator intended that the

proceeds of the land devised to said spendthrift by
the seventh clause should be used for his benefit and
support in such reasonable and rational manner as his
trustees might direct.

The contention of plaintiffs that the purchase of
the interest of John W. Guy, the spendthrift, in the
590 acres in controversy, by his trustee, Stephen
Mayes, is illegal, and that the deed made in pursuance
of such purchase, is void, is entitled to more serious
consideration.

The law looks with great disfavor upon purchases
by trustees of the trust property in their charge; and
upon a direct attack, will set aside such transactions
upon slight proof of fraud, deception, unfairness or
over-reaching. However, the purchase by a trustee
of trust property is not void, but only voidable at
the instance of the injured party or someone standing
in his shoes. [Richards v. Pitts, 124 Mo. 602; State
ex rel. v. Jones, 131 Mo. 194; Burford v. Aldridge,
165 Mo. 419.]

In the case before us, Stephen Mayes testifies that
he paid every dollar the interest of John W. Guy was
worth; that he faithfully applied every dollar of the
purchase money for the benefit and support of said
spendthrift.

It seems that this spendthrift was an unusually
difficult person to care for; that as a result of the
excessive use of intoxicating liquor, he was frequently
in the hospital, requiring the care of both physician
and nurse; that after he had taken the "whiskey
cure" there seemed to be a fair prospect that by giv-
ing him something to do he might be changed from
a shiftless vagabond into a useful citizen. Whereupon
Mayes, after consulting one of the plaintiffs and re-
ceiving his verbal approval, bought John W. Guy's
interest in the residuary estate, in order to furnish
him funds to go into business. Mayes testifies that
neither the plaintiff, William Mack Guy, who was

named as one of the trustees in the will, nor James E. Guy, the other plaintiff, would do anything for their spendthrift brother, and that he (Mayes) spent twice as much as the value of the land conveyed to him, in caring for and trying to reform his erring brother-in-law. The plaintiffs have not introduced one word of evidence to rebut the testimony of Mayes on these points, and do not challenge the accuracy of his statements in any manner. In view of these facts, the demand by the plaintiffs that John W. Guy's deed to Mayes be declared void and that the interest which he conveyed to Mayes be awarded to them, is in a high degree inequitable.

If, instead of purchasing John W. Guy's interest in the property in controversy, Mayes had caused the whole property to be sold as directed by the will, then there is no doubt that Mayes could have used John W. Guy's share of the proceeds in exactly the same manner as he used the $1250 which he paid for the spendthrift's interest; consequently, there is no evidence upon which to declare the deed from John W. Guy to Mayes invalid.

The petition of plaintiffs is an ordinary action at law for the partition of real estate; and it is very doubtful if in such an action the invalidity of a deed which as we have seen, is not void, but only voidable, can be assailed. [State ex rel. v. Jones, 131 Mo. 194, l. c. 205.]

Treating the plaintiffs petition as an action at law, they cannot recover the interest devised to John W. Guy, because they have not asked for the cancellation of the deed which he made to Stephen Mayes. On the other hand, if we indulge in the presumption that the plaintiffs are suing in equity to annul said deed, then they must fail, because they have not proven any facts entitling them to such equitable relief. So we must affirm the action of the trial court

in giving full effect to the deed from John W. Guy to his trustee, Stephen Mayes.

Plaintiffs' third contention that the trial court erred in awarding to such of the defendants as are heirs of Susanna Mayes, a lien upon the land in controversy for the $900 bequeathed to said Susanna Mayes, their mother, must be sustained. There was substantial evidence that the testator never paid his daughter that $900 bequest; and if the heirs of Susanna Mayes had not been before the trial court, this would, perhaps, have furnished ground for denying partition, because all the parties interested in the property had not been brought in; but in this case, all the heirs of Susanna Mayes were before the court; but none of them have by their answer set up any claim to a lien because of the above mentioned bequest. In fact, all of them except Mrs. Birdie M. Fry have simply filed a general denial.

We are not aware of any rule of law in this State whereby in a partition suit the court may award to defendants a lien upon or an interest in the land which they do not by their pleadings directly or indirectly claim. In fact, there is respectable authority that this cannot be done. In the case of Lee v. Lee, 161 Mo. 52, l. c. 58, we ruled that in a partition suit, a homestead interest in lands could not be assigned to a widow who in her answer had neglected to set up such homestead right.

It follows that the circuit court should be directed to modify its judgment by eliminating therefrom the lien of $900 in favor of the heirs of Susanna Mayes; and that such judgment, as modified, should be affirmed. It is so ordered. All concur.